## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE

FEDEX CORPORATION                          )
and SUBSIDIARIES,                          )
                                           )
                                           )
            Plaintiff,                     )
                                           )          Case No. 2:20-CV-02794
            v.                             )
                                           )
UNITED STATES OF AMERICA,                  )
                                           )
            The United States.            )
_____    )

## UNITED STATES' ANSWER TO COMPLAINT

The United States hereby answers the Complaint filed by FedEx Corporation and Subsidiaries ("FedEx"). The United States respectfully denies each and every allegation contained therein not specifically admitted below.

In response to the particular paragraphs of the Complaint, the United States answers as follows:

1.  The United States admits that FedEx brings this action. The allegations that the referenced regulation is invalid, replaces legislative text or usurps legislative power is denied. Additionally, to the extent that the allegation of an overpayment of tax is based on the invalidity of the regulation, it is denied. The remainder of this paragraph consists of a characterization of FedEx's claim and legal argument and/or conclusions of law to which no response is required.

2.  This paragraph consists of legal argument and/or conclusions of law to which no response is required. Additionally, the allegation that the Final Rule is contrary to statute,

arbitrary and capricious, procedurally defective, impermissibly retroactive, or invalid is denied.

3.  This paragraph consists of legal argument and/or conclusions of law to which no response is required.

4.  This paragraph consists of legal argument and/or conclusions of law to which no response is required.

5.  This paragraph consists of legal argument and/or conclusions of law to which no response is required.

6.  This paragraph consists of legal argument and/or conclusions of law to which no response is required. Additionally, the allegation that section 960(a)(3) provided for a credit for foreign taxes on Offset Earnings is denied.

7.  This paragraph consists of legal argument and/or conclusions of law to which no response is required. Additionally, the allegation that section 960(a)(3) provided for a credit for foreign taxes on Offset Earnings is denied.

8.  The United States denies that IRS or Treasury was "dissatisfied with Congress's policy choice" and denies the allegation that the Final Rule was inconsistent with the Code. The remainder of this paragraph is legal argument and/or conclusions of law to which no response is required.

9.  The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding distributions received by FedEx from its foreign subsidiaries during FY18. Additionally, the allegation that the Code provided a credit for foreign taxes on any Offset Earnings is denied. The remainder of this paragraph consists of legal argument and/or conclusions of law to which no response is required.

10. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding FedEx's motives in bringing the suit at the time it did. The United States denies that the Final Rule is invalid. The remainder of this paragraph consists of legal argument and/or conclusions of law to which no response is required.

11. The United States admits the allegations in this paragraph, while averring that it lacks knowledge or information sufficient to form a belief about the *correctness* of either the TY18 or the TY19 return that FedEx filed.

12. Admitted.

13. The United States admits that FedEx brings this action. To the extent the alleged overpayments are based on treating the Final Rule as invalid or on an allegation that the Code allows credits for foreign taxes paid on Offset Earnings, the United States denies that FedEx overpaid its taxes in the amounts alleged. To the extent the alleged overpayments are not based on treating the Final Rule as invalid or not based on an allegation that the Code allows credits for foreign taxes paid on Offset Earnings, the United States lacks knowledge or information sufficient to form a belief about the truth of whether FedEx made overpayments in the amounts alleged in this paragraph.

14. Admits that FedEx purports to seek a judgment that the cited regulation is invalid, but denies that such a judgment is permitted or warranted, or that FedEx can state a claim for remedies under 5 U.S.C. § 706.

15. States that, to the extent it exists, jurisdiction would be granted by 28 U.S.C. § 1346(a)(1). Denies that jurisdiction exists under 28 U.S.C. §§ 2201 and 2202 or under 28 U.S.C. § 1331 for a § 706 APA claim. The remainder of the paragraph consists of legal argument and/or conclusions of law to which no response is required.

16. Admitted.

17. Admits that FedEx filed claims for refund for its 2018 and 2019 tax years on April 17, 2020, as required by section 7422(a) and filed this case within the limitations period of section 6532.

18. This paragraph consists of legal argument and/or conclusions of law to which no response is required.

19. This paragraph consists of legal argument and/or conclusions of law to which no response is required.

20. This paragraph consists of legal argument and/or conclusions of law to which no response is required.

21. This paragraph consists of legal argument and/or conclusions of law to which no response is required.

22. The United States admits that on December 22, 2017, the President signed the TCJA into law. The remainder of the paragraph consists of legal argument and/or conclusions of law to which no response is required.

23. This paragraph consists of legal argument and/or conclusions of law to which no response is required.

24. This paragraph consists of legal argument and/or conclusions of law to which no response is required.

25. This paragraph consists of legal argument and/or conclusions of law to which no response is required.

26. This paragraph consists of legal argument and/or conclusions of law to which no response is required. Any implied allegation that FedEx is entitled to a credit for foreign taxes paid on Offset Earnings is denied.

27. This paragraph consists of legal argument and/or conclusions of law to which no response is required. Additionally, the allegation that the Code does not disallow the claimed credits for foreign taxes on Offset Earnings is denied, and the United States lacks knowledge or information sufficient to form a belief as to whether FedEx properly applied the limits of section 904.

28. This paragraph consists of legal argument and/or conclusions of law to which no response is required. Any implied allegation that FedEx is entitled to a credit for foreign taxes paid on Offset Earnings is denied.

29. Admits that proposed regulations were published in 83 Fed. Reg. 39514, titled "Guidance Regarding the Transition Tax Under Section 965 and Related Provisions." Admits that the quoted language other than the language appearing in brackets appears in the proposed regulation.

30. Admits that the quoted language appears in the preamble. Notes that, with the brackets, the text has been altered by capitalizing the letter B.

31. Admits that the listed entities provided comments on the proposed regulations, but denies that the Proposed Rule contradicted the cited Code sections, undermined the foreign tax credit system or ignored Congressional intent. The United States lacks knowledge or information sufficient to form a belief about the truth of the footnoted commentary on the size, authority, and respectability of each of the commenting entities.

32. Denied.

33. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

34. The United States admits that the Joint Committee on Taxation released a "Blue Book" explanation of the TCJA on December 20, 2018, and that FedEx quotes partial excerpts of that publication with bracketed edits.  The remainder of the paragraph consists of legal argument and/or conclusions of law to which no response is required. Any implied allegation that the Code did not deny a credit for foreign taxes paid on Offset Earnings is denied.

35. The United States admits that a discussion draft of the "Tax Technical and Clerical Corrections Act" was released on Jan. 2, 2019, and that it contained the language quoted by Plaintiff with bracketed edits.  The remainder of the paragraph consists of legal argument and/or conclusions of law to which no response is required.

36. Admits that on February 5, 2019, "Regulations Regarding the Transition Tax Under Section 965 and Related Provisions" were published in the Federal Register and that the Final Rule is similar to the Proposed Rule.

37. Admits that the quoted phrase appears at the cited page of the Federal Register.

38. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

39. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

40. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

41. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

42. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph regarding the foreign taxes paid by FedEx's CFCs.  The allegation that FedEx is entitled to a credit for foreign taxes paid on Offset Earnings is denied. The remainder of this paragraph contains legal argument and/or conclusions of law as to the application and effect of sections 902 and 960(a), to which no response is required.

43. This paragraph consists of legal argument and/or conclusions of law to which no response is required. Additionally, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding FedEx's previous credit claims.

44. This paragraph consists of legal argument and/or conclusions of law to which no response is required. Additionally, the allegation that FedEx was entitled to a credit under section 902 and section 960(a)(3) for foreign taxes paid on Offset Earnings is denied.

45. Admitted.

46. Admitted, but the United States lacks knowledge or information sufficient to form a belief about the correctness of the amount claimed.

47. Admitted.

48. The United States admits that the Amended FY18 Tax Return lists taxable income of $746,387,668, which was an increase of $13,188,022 relative to that claimed in the Original FY18 Tax Return.  The United States admits that the income tax before credits on the Amended FY18 Tax Return is listed as increased by $3,851,986 relative to the Original FY18 Tax Return.   The United States lacks knowledge or information sufficient to form a

belief as to the truth of whether these amounts are correct and the other allegations in this paragraph.

49. The United States admits that the foreign tax credit listed on the Amended FY18 Tax Return increased by $4,434,297 relative to the Original FY18 Tax Return.  The United States admits that the amount of foreign tax credits claimed on the Amended FY18 Tax Return is $215,765,455.   The United States lacks knowledge or information sufficient to form a belief as to the truth of whether these amounts are correct and the other allegations in this paragraph.

50. The United States admits that the general business credit claimed on the Amended FY18 Tax Return decreased by $436,733 relative to the Original FY18 Tax Return.  The United States lacks knowledge or information sufficient to form a belief as to the truth of whether these amounts are correct and the other allegations in this paragraph.

51. The United States admits that the Amended FY18 Tax Return claimed a tax refund of $145,576. To the extent the alleged overpayment is based on treating the Final Rule as invalid or on an allegation that the Code allows credits for foreign taxes paid on Offset Earnings, the United States denies that FedEx overpaid its taxes in the amount alleged. To the extent the alleged overpayment is not based on treating the Final Rule as invalid or not based on an allegation that the Code allows credits for foreign taxes paid on Offset Earnings, the United States lacks knowledge or information sufficient to form a belief about the truth of whether FedEx made an overpayment in the amount alleged in this paragraph.

52. Admits that the attached pages were included in the Amended FY 18 tax return, but does not respond here to the substance of that attachment.

53. Admitted.

54. Admitted, but the United States lacks knowledge or information sufficient to form a belief as to the correctness of the amount claimed.

55. Admitted.

56. The United States admits that FedEx's Amended FY19 Tax Return claimed foreign tax credits in the amount of $288,445,504.   The United States lacks knowledge or information sufficient to form a belief as to the truth of whether these amounts are correct and the other allegations in this paragraph.

57. The United States admits that FedEx's Amended FY19 Tax Return claimed a tax refund of $89,006,415. To the extent the alleged overpayment is based on treating the Final Rule as invalid or on an allegation that the Code allows credits for foreign taxes paid on Offset Earnings, the United States denies that FedEx overpaid its taxes in the amount alleged. To the extent the alleged overpayment is not based on treating the Final Rule as invalid or not based on an allegation that the Code allows credits for foreign taxes paid on Offset Earnings, the United States lacks knowledge or information sufficient to form a belief about the truth of whether FedEx made an overpayment in the amount alleged in this paragraph.

58. Admits that the attached pages were included in the Amended FY 19 tax return, but does not respond to the substance here.

59. The United States admits that this case was filed more than six months after FedEx filed its refund claims.

60. This paragraph consists of legal argument and/or conclusions of law to which no response is required.

61. This paragraph consists of legal argument and/or conclusions of law to which no response is required.

62. This paragraph consists of legal argument and/or conclusions of law to which no response is required. Alternatively, denied.

63. This paragraph consists of legal argument and/or conclusions of law to which no response is required. Additionally, the United States denies that the Final Rule "overrides" the statute.

64. This paragraph consists of legal argument and/or conclusions of law to which no response is required.

65. Denied.

66. This paragraph consists of legal argument and/or conclusions of law to which no response is required. Additionally, the allegation that the Final Rule is "inconsistent with the foreign tax credit system's purpose" is denied.

67. This paragraph consists of legal argument and/or conclusions of law to which no response is required.

68. This paragraph consists of legal argument and/or conclusions of law to which no response is required.

69. This paragraph consists of legal argument and/or conclusions of law to which no response is required.

70. This paragraph consists of legal argument and/or conclusions of law to which no response is required. Additionally, the allegation that the Final Rule is contrary to section 960(a)(3) is denied.

71. This paragraph consists of legal argument and/or conclusions of law to which no response is required. Alternatively, the United States denies the allegations and denies that FedEx has a claim for remedies under 5 U.S.C. § 706.

72. This paragraph consists of legal argument and/or conclusions of law to which no response is required.

73. This paragraph consists of legal argument and/or conclusions of law to which no response is required.

74.  This paragraph consists of legal argument and/or conclusions of law to which no response is required. Alternatively, denied.

75. This paragraph consists of legal argument and/or conclusions of law to which no response is required. Alternatively, denied.

76. This paragraph consists of legal argument and/or conclusions of law to which no response is required.

77. This paragraph consists of legal argument and/or conclusions of law to which no response is required. Additionally, the implication that FedEx is allowed a credit under section 960(a)(3) is denied.

78. This paragraph consists of legal argument and/or conclusions of law to which no response is required. Additionally, the United States denies that FedEx is entitled to the refund claimed.

79. This paragraph consists of legal argument and/or conclusions of law to which no response is required. Additionally, the United States denies that FedEx is entitled to a credit for foreign taxes on Offset Earnings.

80. This paragraph consists of legal argument and/or conclusions of law to which no response is required.

81. This paragraph consists of legal argument and/or conclusions of law to which no response is required. Alternatively, denied.

82. This paragraph consists of legal argument and/or conclusions of law to which no response is required.

83. This paragraph consists of legal argument and/or conclusions of law to which no response is required. Additionally, the allegation that the IRS and Treasury failed to provide a reasoned explanation for the Final Rule is denied.

84. This paragraph consists of legal argument and/or conclusions of law to which no response is required. Alternatively, the United Sates denies the allegations and denies that FedEx has a claim for remedies under 5 U.S.C. § 706.

85. This paragraph consists of legal argument and/or conclusions of law to which no response is required.

86. This paragraph consists of legal argument and/or conclusions of law to which no response is required. Alternatively, the United States denies the allegations.

87. Denied.

88. The United States lacks knowledge or information sufficient to form a belief as to the meaning of the allegation that the IRS and Treasury "reached a conclusion" about the

Proposed Rule. Additionally, the implication that comments were not considered or intended to be considered is denied.

89.  The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations about Treasury officials' comments. Additionally, the allegations that the comment process was an empty formality and that the IRS and Treasury did not solicit comments is denied.

90. This paragraph contains legal argument and/or conclusions of law to which no response is required. The United States also objects to the allegations as vague and ambiguous, and therefore alternatively denies it.

91. The United States admits that the quoted language is at 84 Fed. Reg. 1868 and that § 7805(b)(2) is cited.  The remainder of the paragraph consists of legal argument and/or conclusions of law to which no response is required. Additionally, the United States denies that the Final Rule would not be applicable to the alleged transactions.

92. This paragraph contains legal argument and/or conclusions of law to which no response is required. Alternatively, the United States denies the allegations and denies that FedEx has a claim for remedies under 5 U.S.C. § 706.

## COUNT I

### FY18 Refund

93. The United States incorporates its responses to paragraphs 1 through 92 in response to this paragraph.

94. Admitted that FedEx paid the tax it reported as owing for FY18, but the United States avers that the IRS has yet to complete its audit of FedEx's return for FY18 to determine if its tax

reporting was correct. The United States thus lacks knowledge or information sufficient to form a belief as to whether FedEx has paid all the tax for which it is liable.

95. Denies that the Final Rule is properly treated as invalid.

96. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent the allegation relates solely to treating the Final Rule as invalid or an allegation that the Code allows a credit for foreign taxes paid on Offset Earnings, denied.

97. Admitted.

98. Admitted that the FY18 return was filed within limitations period under § 6511.

99. Admitted that this case was filed within limitations period under § 6532(a).

100. Admitted that the Amended FY18 return claims an overpayment of taxes in the amount of $145,578, and that FedEx demands a refund of this amount. Denies that FedEx is entitled to that refund.

## COUNT II

### FY19 Refund

101. The United States incorporates its responses to paragraphs 1 through 100 in response to this paragraph.

102. Admitted that FedEx paid the tax it reported as owing for FY19, but the United States avers that the IRS has yet to complete its audit of FedEx's return for FY19 to determine if its tax reporting was correct. The United States thus lack knowledge or information sufficient to form a belief as to whether FedEx has paid all the tax for which it is liable.

103. Denies that the Final Rule is properly treated as invalid.

104. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent the allegation relates solely to treating the Final Rule as invalid or an allegation that the Code allows a credit for foreign taxes paid on Offset Earnings, denied.

105. Admitted.

106. Admitted that the FY19 return was filed within the limitations period under § 6511.

107. Admitted that this case was filed within the limitations period under § 6532(a).

108. Admitted that the Amended FY19 return claims an overpayment of taxes in the amount of $89,006,415, and that FedEx demands a refund of this amount. Denies that FedEx is entitled to that refund.

The remainder of the Complaint consists of a prayer for relief. The United States denies that FedEx is entitled to the relief requested.

**Additional Defenses**

To the extent FedEx seeks any relief or remedies beyond a tax refund itself, such as an injunction or declaration, that relief is barred or the Court lacks jurisdiction pursuant to the Anti-Injunction Act and tax exception to the Declaratory Judgment Act. 26 U.S.C. §7421; 28 U.S.C. § 2201. Additionally, FedEx cannot state a claim for remedies under § 706 of the Administrative Procedures Act. 5 U.S.C. § 706.

**WHEREFORE**, the United States prays that this Court deny the relief sought in the Complaint and grant to the United States its costs in defending this action, and such other relief as the Court deems just and proper.

DATED: February 19, 2021

DAVID A. HUBBERT
Acting Assistant Attorney General

*s/ Cory A. Johnson*
Cory A. Johnson
Ill. Bar No. 6211233
Senior Litigation Counsel
Elizabeth M. Bruce
Trial Attorney
Tax Division
U.S. Department of Justice
P.O. Box 14198
Ben Franklin Station
Washington, D.C. 20044
202-307-3046 (Johnson)
202-598-0969 (Bruce)
Fax: 202-514-9440
Cory.A.Johnson@usdoj.gov
Elizabeth.M.Bruce@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on February 19, 2021, I electronically filed the foregoing ANSWER with the

clerk of the court using the CM/ECF system, which completed service on the interested parties

registered with the CM/ECF system for this case

*s/Cory A. Johnson*
Cory A. Johnson