UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

|  |  |  |
|---|---|---|
| FEDEX CORPORATION and SUBSIDIARIES,  *Plaintiff*,  v.  UNITED STATES OF AMERICA,  *Defendant*. | ) ) ) ) ) ) ) ) ) ) ) ) | Civil Case No. 2:20-cv-02794 The Honorable Samuel H. Mays, Jr. The Honorable Tu M. Pham |

**FEDEX'S RESPONSE TO THE GOVERNMENT'S MOTION TO EXTEND THE TIME TO RESPOND TO FEDEX'S MOTION FOR JUDGMENT AND TO CONTINUE THE PREVIOUSLY SCHEDULED CONFERENCE**

FedEx opposes the government's motion for an extension of time and for continuance of the April 2, 2024 status conference. Nearly a year ago, this Court granted partial summary judgment to FedEx and held that "[u]nder the plain language of the tax code, FedEx is entitled to a credit for foreign taxes paid on Offset Earnings." *FedEx Corp. & Subs. v. United States*, 2023 U.S. Dist. LEXIS 57367 at *27 (W.D. Tenn. Mar. 31, 2023). Thereafter, the government refused to move this case promptly to completion. That is what ultimately compelled FedEx to ask this Court to enter a final judgment in this case. Why did the government delay? Solely because it wanted to try again to disallow a portion of the foreign tax credits that the Court previously allowed. Worse yet, it both asks for more time to make this argument (which it has known about for nearly two years) and it accuses FedEx of using its own motion for judgment inappropriately as a motion for summary judgment. ECF No. 53-1 at 2 ("FedEx's motion is more accurately described as a motion for summary judgment."). If there is a late motion for summary judgment here it is the government's inchoate one. FedEx already filed its motion for summary judgment. ECF No. 42. And this Court already ruled against the government and in FedEx's favor. Order at

*29. The only reason legal analysis is included in FedEx's motion for judgment is to address the *government's* new alternative argument. If the Court doesn't wish to consider legal arguments at this stage of the game (and it shouldn't), then the government should simply be barred from raising its new alternative argument and judgment should be entered for FedEx for the full amount of its refund. *See* ECF No. 52 at 1, 18-19. If, instead, the government wants to admit that it has a new, late, alternative argument, then it needs to respond to the present motion in the time allowed by the local rules and move this long-delayed case to prompt resolution.[1]

      **1.**      **A party shouldn't need advance notice of its own arguments.** Advance notice is a factor in determining whether good cause exists for an extension of time to file a brief. The government has been on notice for years. Nearly four years ago, on April 17, 2020, FedEx filed a refund claim explaining that the Code entitled FedEx to credits for foreign taxes that FedEx's foreign subsidiaries paid on their foreign earnings, and that nothing in the Code or in any valid regulation disallowed the credits. That refund claim notified the IRS of FedEx's position and gave the IRS 6 months to take action on the claim. *See* §6532[2]; *Carnick v. United States*, 2008 U.S. Dist. LEXIS 22758 at *6 (E.D. Mich. Mar. 24, 2008) ("The … six month waiting period [in §6532] provides the IRS with a reasonable period of time in which to process the claim and render a decision on the claim before the Department of Justice has to defend a suit brought on that claim.").

---

[1] Undersigned counsel notes that it would normally, as a matter of routine courtesy, allow the requested extension. But the government had more than 60-days notice that FedEx intended to move the Court for judgment, and FedEx previously agreed to the government's first request for an extension of time before filing that motion. No good cause exists to give it another 21 days to make an argument that it should have made—at the latest—more than 18 months ago (in its September 2022 cross-motion for partial summary judgment (*see* ECF No. 43)).

[2] Unless otherwise stated, all "section" or "§" references are to the Internal Revenue Code of 1986 (26 U.S.C.), as amended and in effect for the tax year at issue (the "Code").

Despite this advance notice, the IRS failed to raise its argument for a partial disallowance of the credits at that time.

In the November 2, 2020 complaint, FedEx again notified the DOJ of its position that nothing in the Code or the regulations disallowed its foreign tax credits. *See* ECF No. 1, ¶27. Despite that notice, the government failed to raise its theory of partial-disallowance in its answer. From July 25, 2022 to November 23, 2022, the parties briefed their cross-motions for partial summary judgment. The government never once mentioned its alternative argument then either.[3] After the Court issued its March 31, 2023 Order in favor of FedEx, FedEx initiated discussions with the government to resolve any remaining factual issues regarding the refund amount and to bring this case to a close.

Yet on July 31, 2023, almost three years after this case began, the government first informed FedEx that it was considering a new alternative argument based on the government's interpretation of its own regulation—a regulation that the Agencies promulgated almost two years before FedEx even filed this case. That is, the government notified FedEx that the *government* was considering a new argument. To cut to the chase, the government knew about its argument for at least 7 months before FedEx filed the motion for judgment.[4]

On January 3, 2024, after repeated attempts to get the government to say whether the government would raise its new argument, FedEx told the government that if the parties could not

---

[3] Nearly two years ago, as of April 18, 2022, the IRS Exam Team was considering the government's alternative argument. *See* ECF No. 52 at 16. The government nonetheless chose not to pursue this issue in its September 9, 2022 cross-motion for partial summary judgment.

[4] Based on the representations of the IRS Exam Team, as early as September 2023, the government received a written statement from the IRS Exam Team articulating its new alternative argument. FedEx repeatedly asked whether the government intended to raise this new argument, and the government just as repeatedly demurred.

agree to jointly propose a final order, then FedEx intended to file a motion for judgment on February 2, 2024. Government counsel stated that it had other commitments and asked for additional time. As it's ordinarily inclined to do, FedEx agreed to postpone the motion for a few days (but not indefinitely). Accordingly, the government knew about the motion for judgment on January 3, and it had 65 days of advance notice before FedEx filed its motion on March 8, 2024.[5]

On February 15, 2024, the government—for the first time—confirmed that it would definitely assert its new argument. FedEx asked whether that new argument would have any effect on the amount of the refund (the essential component of a final judgment in a tax refund case). The government didn't know. On February 23, 2024—the same day that this Court scheduled a status conference for April 2, 2024—the government unequivocally stated that it believed that the Court would need to rule on its new argument before entering judgment. *See* Exhibit A, K. Bishop email of February 23, 2024 ("we will need the Court to opine on the question [regarding the government's alternative argument] in order to have a final judgment entered"). So more than 3 weeks before FedEx filed its motion for judgment, the government had full and complete notice of the motion for judgment. Despite having (at the very least) 22 days[6] to ready itself for this dispute, the government now asks for another 21 days (beyond this Court's standard 14-day

---

[5]  When the IRS Exam Team (after consultation with the government) raised questions about FedEx's computations on January 10, 2024, FedEx promptly responded to the questions by February 6, 2024. Since then, FedEx actively pursued the government to provide (1) any additional questions regarding the computations and (2) the draft of the written argument that the government stated the IRS was preparing. The government continued to delay and did not provide either one (and still has not).

[6]  That 22-day period ran from February 15, when the government said it would compel the motion for judgment, to March 8, when FedEx filed the motion for judgment.

4

response time) to "fully formulate its arguments." ECF No. 53-1 at 3.[7] Rather than preparing to litigate the substance of the issue, the government has spent its briefing time asking this Court to postpone further action in this case. In these circumstances, good cause doesn't exist for the extension; good cause exists to hold the government to this Court's standard briefing deadlines.

**2. Nothing prevents the government from responding to the motion for judgment by March 22, 2024.** Just as it distorted the statutes that provided the foreign tax credits at issue here, the government also distorts the facts to buy additional time. FedEx's motion for judgment was not *FedEx's* motion for summary judgment, and the pending IRS audit is no reason for the government's inaction.

Let's be clear: FedEx filed a motion for judgment, not a motion for summary judgment. FedEx has not asked this Court to resolve any new legal issues (because there are none). The Court's March 31, 2023 Order comprehensively and conclusively decided all legal issues necessary to determine FedEx's entitlement to the tax credits at issue, and the time is ripe for entry of judgment. Even if the government's factual misstatements were correct and FedEx had filed a motion for summary judgment (it didn't), that motion would be untimely.[8] Accordingly, the Court

---

[7] Contrary to the government's statement (ECF No. 53-1 at 3 n.3), FedEx never represented that it would discuss or agree to a briefing schedule that deviated from the deadlines in Local Rule 7.2. Nor did it need to; FedEx had made clear as early as January 3, 2024, that it intended to file the motion, and it *already* gave the government additional time (beyond FedEx's planned February 2, 2024 filing date). In any event, this Court's standard deadlines provide ample time to parties to prepare their arguments. And courts in the Sixth Circuit frown upon extensions of briefing deadlines. *See, e.g.*, 6 Cir. I.O.P. 26(a) ("Briefing Extensions Not Favored. The court does not favor motions to extend briefing deadlines."). And as described above, the government had months—if not years—to fully develop its argument. Further, if the government had used the additional time that FedEx initially granted (on January 3) to "fully formulate" its arguments, it would not need more time now. The government's failure to prepare to make *its own arguments* is not good cause for further delay.

[8] Federal Rule of Civil Procedure 56(b) requires a party to file a motion for summary judgment no later than 30 days after the close of all discovery. This Court's local rules don't alter

5

should summarily deny the motion, refuse to consider the government's new alternative argument, and compel the parties immediately to reach agreement on the amount of the refunds so the Court can enter final judgment. FedEx welcomes this outcome.

FedEx was compelled to prophylactically address the government's alternative argument because the government refused any other path to resolve this case. The government contends that FedEx addressed "legal claims that this Court has not yet decided, let alone heard." ECF No. 53-1 at 2. The government is right. This Court has never heard the government's alternative argument because the government has, for nearly four years, refused to make it. Something is amiss. If the government believes the argument has merit, it should make it. That purely legal argument is based solely on the statutes and the government's own regulation. If the government cannot make its argument, it should concede and give FedEx its tax refund.

The government also points to the long-pending IRS audit as a reason for delay, suggesting that this prevents the DOJ from timely asserting a purely legal alternative argument.[9] At the same time, the DOJ insists that it is the DOJ's job, not the IRS's, to develop legal arguments and defend the United States in federal district court. *See* ECF No. 53-1 at 4 n.4. Both of these things cannot be true. The government's alternative argument is purely legal; it does not require any factual development or analysis. To the extent the DOJ relied on the IRS for an understanding of the law,

---

that deadline. Discovery concluded as of May 31, 2022 (ECF No. 36). If FedEx's motion is a motion for summary judgment, and it is not, any new legal claims are untimely, and the government lacks any vehicle to raise its new alternative argument.

[9]     Despite the duplication of effort, FedEx responded to the IRS Exam Team's questions about the foreign tax credits at issue in this case during the IRS's audit of FedEx's FY18 and FY19 tax years. Ultimately, FedEx and the IRS agreed on all issues raised during that audit (with the exception of this new alternative argument). Now that the audit has concluded and the parties are generally aligned on computations, judgment is necessary to close this case out.

it received the necessary instruction in 2022, when the IRS first suggested the potential application of the alternative argument.

All these tangential considerations should not distract from the bottom line.[10] There is no procedural or substantive impediment to the government timely responding to FedEx's motion for judgment.

      **3.**      **Additional delay is inappropriate, unjust, and economically harmful.** Federal Rule of Civil Procedure 1 instructs that the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." The good-cause standard in Rule 6(b) is applied in light of these governing principles. *Osberg Constr. Co. v. United States*, 3 Cl. Ct. 652, 655 (1983) ("Rule 6(b) has therefore been construed to accord with the injunctive mandate of Rule 1, so as 'to secure the just, speedy, and inexpensive determination of every action.'"). Here, it is unjust to give the government more time to make an argument that it has been considering for months, if not years. It is also antithetical to a speedy resolution of the case to provide additional time for the government to prepare arguments about its own regulations with respect to an issue that it has long considered. And it is

---

[10]    The government also misleadingly contends that FedEx improperly filed a refund suit to determine its entitlement to the foreign tax credits at issue here. *See* ECF 53-1 at 2 n.1. That's empty rhetoric. Given the government's position that the Anti-Injunction Act (§7421) precludes pre-enforcement litigation challenging the validity of a tax regulation, FedEx paid the tax and sued for a refund to obtain a timely ruling about that purely legal issue. *See* ECF No. 1, ¶10 ("FedEx would have challenged the validity of the Final Rule soon after the IRS and Treasury issued it, but this Circuit currently prohibits a pre-enforcement challenge to the validity of a tax regulation. ... Consequently, FedEx had to treat the Final Rule as valid on its original U.S. federal income tax returns and file refund claims reflecting the credits that Congress authorized but the IRS purported to eliminate."). And a tax refund suit is hardly a novelty. "As the Supreme Court and [the D.C. Circuit] have explained on many occasions, the tax refund suit is a statutorily designed judicial procedure for a taxpayer to wrangle with the IRS over taxes, refunds, or the legality of IRS tax collection or refund practices." *Cohen v. United States*, 650 F.3d 717, 739 (D.C. Cir. 2011) (Kavanaugh, J., dissenting and collecting cases). If it were not for the government's position on pre-enforcement challenges, this case would have already been resolved by the Sixth Circuit.

improper to continue to impose additional expense on FedEx, and to withhold FedEx's tax refund, in order to again resolve a dispute that this Court has already decided.

Government counsel generically (and we are sure genuinely) asserts the need to engage in depositions in another case and to take leave. While undersigned counsel is personally very sympathetic to the busyness of litigators, when faced with deadlines, courts routinely reject these routine excuses.

> The "press of other business" is frequently asserted as a ground for extension requests ….
> ….
>
> … The normal and foreseeable "press of business" and caseload of counsel is not a sufficient justification for the court to extend its otherwise appropriate—and generally applicable—schedules.
>
> Moreover, where either the scheduling of such routine business or the availability of counsel and resources is a matter within the control of the party or its counsel, there is no justification upon which to base an extension of the court's schedules.
>
> Rather, requests for such extensions of time should be limited to only those circumstances where the press of other business is either unforeseeable or is beyond counsel's or the party's control (e.g., circumstances where the "press of business" is clearly unforeseeable and is not the predictable result of counsel's or the party's inadequate staffing or resources).

*Cooey v. Strickland*, 2009 U.S. Dist. LEXIS 139612 at *13-14 (S.D. Ohio Dec. 4, 2009) (quoting *Louisiana-Pacific Corp. v. United States*, 2 Cl. Ct. 743, 748 (1983), and collecting cases).

The government is like any other litigant in this respect: "When subject to suit, … the United States stands in no different position than, and is indistinguishable from, any other party to litigation." *Louisiana-Pacific Corp.*, 2 Cl. Ct. at 749. In addition, the DOJ has a phalanx of attorneys at the Tax Division, including multiple counsel on this very case. Further, the DOJ here apparently has relied on IRS lawyers to formulate its substantive arguments. ECF No. 53-1 at 4 n.4 (explaining that the DOJ "has received an analysis from IRS Chief Counsel"). So IRS attorneys

have substantively augmented the already large staff of DOJ attorneys. Yet the government contends that it needs more time. Courts have considered this too: "In defending suits brought against it …, the government, like any other litigant, may assure the presence of adequate staff and counsel sufficient to meet the party's needs for representation in litigation or it must be prepared to accept the imposition of any penalties or sanctions, or the entry of any adverse judgments, which may result from the shortfall in its resources in this regard." *Louisiana-Pacific Corp.*, 2 Cl. Ct. at 749.

The government's reasons for delay are inapposite. It could easily have developed its arguments months ago. At the very latest, the government should have been preparing its argument after January 3, 2024, when FedEx concretely put the government on notice that it would file a motion for judgment. And on February 15, 2024, when the government stated that after long consideration and deliberation it had determined to raise its new alternative argument, it should have been fully prepared to make that argument. After all, these are the government's own regulations; if it still doesn't know what they mean some five years after they were issued, respectfully, 21 days isn't going to make a difference.

Finally, contrary to the government's unsupported assertions, the monetary harm to FedEx is manifest. This Court has determined that FedEx is entitled to the refund. The government cannot indefinitely delay that refund at its whim. Nor does it get to determine how FedEx can best use the funds. Tens of millions of dollars are at issue here. FedEx can (and will) use those funds to pay its employees, operate its business, and continue to function as an engine of the American economy. Interest on the refund amount is no remedy for the government's continued delay.

For the foregoing reasons, this Court should deny the government's motion for extension and retain the April 2, 2024 status conference. Under the standard briefing deadlines of Local Rule

9

7.2, the government can respond to FedEx's motion for judgment by March 22, and FedEx can reply by March 29, thereby providing the Court with full briefing on the government's new alternative argument in advance of the previously scheduled status conference on April 2, 2024.

Respectfully submitted,

| | |
|---|---|
| Richard R. Roberts<br>Peter D. Blumberg<br>FedEx Express<br>3620 Hacks Cross Road<br>Building B, 3rd Floor<br>Memphis, TN 38125<br>Tel:   (901) 434-8489<br>richard.r.roberts@fedex.com<br>peter.blumberg@fedex.com | */s/ Joseph B. Judkins*<br>Joseph B. Judkins<br>Tennessee BPR No. 033183<br>George M. Clarke<br>Cameron C. Reilly<br>Baker & McKenzie LLP<br>815 Connecticut Avenue, N.W.<br>Washington, DC  20006<br>Tel:   (202) 452-7000<br>joseph.judkins@bakermckenzie.com<br>george.clarke@bakermckenzie.com<br>cameron.reilly@bakermckenzie.com<br><br>Attorneys for Plaintiff, FedEx |

Dated:  March 14, 2024

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 14, 2024, I served a copy of the foregoing document by filing it through the Court's electronic filing (CM/ECF) system, which will send an electronic copy to all counsel of record.

                                                   */s/ Joseph B. Judkins*
                                                   JOSEPH B. JUDKINS
                                                   Attorney for Plaintiff, FedEx