# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE

|  |  |
|---|---|
| FEDEX CORPORATION and SUBSIDIARIES,<br><br>        *Plaintiff*,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        *Defendant*. | Civil Case No. 2:20-cv-02794<br>The Honorable Samuel H. Mays, Jr. |

## PLAINTIFF'S REPLY

The government's brief is pure fiction. But empty rhetoric doesn't change the facts or the law. Before April 12, 2024, the government repeatedly argued that §960(a)(3) applied solely and exclusively to credits for foreign withholding taxes. Commenters told them otherwise, but they persisted. ECF 42 at 27-28. FedEx expressly challenged that position (ECF 42 at 21-23), but they hewed to it. Now the government blithely rejects the past and contends that this Court's March 31, 2023 Order changed the legal landscape such that their own regulations apply beyond their terms.[1] Under the government's new double-disallowance scheme, Treas. Reg. §1.965-5(c)(1)(i) (the Haircut Rule) is a "General Rule" that partially disallows credits for historical foreign taxes paid

---

[1] Treas. Reg. §1.965-5(c)(1)(ii) on its face limits §960(a)(3) to foreign withholding taxes: §960(a)(3) applies to "*only* the foreign income taxes paid or accrued by an upper-tier foreign corporation with respect to a distribution of … [Offset Earnings] from a lower-tier foreign corporation." (Emphasis added.) The government effectively concedes that point, as FedEx raised it (ECF 52 at 4, 9-10), and the government did not respond. The preambles to the §965 regulations confirm that the Agencies have always tried to limit §960(a)(3) to foreign withholding taxes. *See* 84 Fed. Reg. 1838, 1858 ("The proposed regulations provide that the credit allowed under section 960(a)(3) is *only* with respect to foreign income taxes *imposed* on an upper-tier foreign corporation *on distributions of* … [Offset Earnings] from a lower-tier foreign corporation.") (emphasis added). *See also* 83 Fed. Reg. 39514, 39530 ("section 960(a)(3) does not allow a credit for foreign income taxes attributable to [Offset Earnings] *since such taxes were not imposed on a distribution* of previously taxed E&P") (emphasis added).

1

on Offset Earnings, while Treas. Reg. §1.965-5(c)(1)(ii) (the Full Disallowance Rule) is an "Exception" that fully disallows the *same credits for the same taxes*. The government's new argument fractures the applicable statutes, distorts the Agencies' regulations, and revises history.[2]

**1.** The government's new argument contravenes this Court's Order as well as the plain text of §965(c) and (g). That Order held that Offset Earnings are not included in income under §§965 and 951(a), and are treated as included in income only for purposes of applying §959. ECF 49 at 5, 12, 19-21. Defying the Order, the government now says the §965(c) deduction "includes Offset Earnings" because they are an "amount [] included in [] gross income" under §§965 and 951(a). ECF 58 at 10-11.[3] The statutory text shows otherwise—the §965(c) deduction applies only to Included Earnings (i.e., earnings included in income under §951(a)).[4] ECF 52 at 3, 6-8. Offset Earnings are not included in income under §951(a) and thus aren't deductible under §965(c).

Because a §965(c) deduction isn't allowed for Offset Earnings, and because §965(g) applies only to "amount[s] for which a deduction is allowed under this section," §965(g)(1) does not disallow any credits on Offset Earnings.[5] Yet in a linguistic shell game, the government tries

---

[2] FedEx does not concede the government's other arguments and can refute each one in oral argument if the Court permits it during the May 1, 2024 status conference or otherwise.
[3] The government (at 10) obliquely (and misleadingly) implies that the §965(c) deduction applies for purposes of §965 but not §951. The statute doesn't work that way. Included Earnings are included in income under §951 and deductible under §965(c). Offset Earnings are not.
[4] The government erroneously contends that the §965(c) deduction applies to Offset Earnings based on the statutory definition of "aggregate foreign cash position" in §965(c)(3). ECF 58 at 11 n.15. The government fails to mention that this definition is only one component of the formula for calculating the §965(c) deduction. As §965(c)(1)(A)(i) makes clear, the starting point for that computation is "the amount so included as gross income"—i.e., Included Earnings (the earnings actually included in income under §951(a)), not Offset Earnings.
[5] The regulations also contradict the government's new argument. The Agencies stated that "if there is no aggregate section 965(a) inclusion amount [i.e., no Included Earnings]," then the §965(g) haircut (which the regulations call the "applicable percentage") is the same amount "that would apply if section 965(b) previously taxed earnings and profits [i.e., Offset Earnings] had been included in income and were an amount to which section 965(c)(1)(B) applied." 84 Fed. Reg. at

2

to hide the ball by emphasizing the prepositional phrase "with respect to" in §965(g)(1) while studiously avoiding the operative statutory language—"any amount for which a deduction is allowed under this section." *See* ECF 58 at 10-11, 13. The phrase "with respect to" doesn't expand §965(g)(1) to cover Offset Earnings because §965(c) doesn't allow a deduction for those earnings.[6]

Ultimately, the government twists itself in knots by misinterpreting §965(c), which it now contends provides a deduction for Offset Earnings. ECF 58 at 10-11. But they haven't thought this through. If that's the case then FedEx is entitled to an additional §965(c) deduction for the amount of its Offset Earnings. Either that or (as FedEx previously explained) Offset Earnings are not an amount for which a deduction is allowed under §965(c). ECF 52 at 3, 6-8. So if the government's latest position is right, then any refund calculation must include an additional §965(c) deduction for the amount of FedEx's Offset Earnings (as well as the partially allowed credits). But if FedEx is right, then Treas. Reg. §1.965-5(c)(1)(i) simply doesn't apply, and FedEx is entitled to the full amount of credits that it originally and has always claimed.

2.   The government's latest argument also disclaims the Agencies' regulations.[7] But "[i]t is an elemental principle of administrative law that agencies are bound to follow their own

---

1856. The Agencies thus acknowledged that the §965(c) deduction did not apply to Offset Earnings. This also shows that the §965(g) haircut is based on the same erroneous premise as the Full Disallowance Rule—i.e., that Offset Earnings are included in income. *Id.* (The Agencies "have determined that [Offset Earnings] are treated as included in income under section 951(a) for purposes of section 960, and thus are treated similarly to [Included Earnings] for purposes of applying section 965(g)."). The government also said that §965(g)(1) applied only to "the unique reduction in U.S. tax rates on a § 965(a) inclusion [i.e., Included Earnings]." ECF 43-1 at 18.

[6]   Because its textual arguments fail, the government retreads its prior policy arguments. ECF 58 at 12-13. FedEx already explained why the statutes make sense as written. In any event, "the fact that the agency believes its [regulation] is good policy does not change the statute's text." *Bais Yaakov of Spring Valley v. FCC*, 852 F.3d 1078, 1083 (D.C. Cir. 2017) (Kavanaugh, J.).

[7]   Of course, no deference is due to the government's unprecedented "interpretation" of the Haircut Rule because that position contradicts the governing statutes, is inconsistent with the regulation, is first announced on brief, and is nothing more than a convenient litigating position. *Christopher v. SmithKline Beecham Corp.*, 567 U.S. 142, 155 (2012).

3

regulations," *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545 (6th Cir. 2004), and government counsel "may not choose to litigate against the officially published rulings of the [IRS] without first withdrawing or modifying those rulings." *Rauenhorst v. Comm'r*, 119 T.C. 157, 172 (2002). Undeterred by blackletter law, the government abandons its regulations (which expressly limited §960(a)(3) to foreign withholding taxes) and concocts an exotic new double-disallowance regulatory scheme—whereby the "General Rule" (Treas. Reg. §1.965-5(c)(1)(i)) partially disallows the same credits that the "Exception" (Treas. Reg. §1.965-5(c)(1)(ii)) fully disallows. This topsy-turvy scheme discards the existing regulations, defies common sense, and "violates the canon of construction that [regulatory] language should not be interpreted [so that] the exception swallows the rule." *Speaks v. U.S. Tobacco Coop., Inc.*, 31 F.4th 838, 843 (4th Cir. 2022).[8]

**3.**  The government also tries to rewrite the facts, arguing that FedEx's suit is limited to a challenge to Treas. Reg. §1.965-5(c)(1)(ii). Not so. This is a refund suit, and the regulatory challenge arises only because that rule is the sole basis for disallowing the foreign tax credits at issue. From the time of the refund claim in April 2020 to the present, FedEx has consistently claimed the entire amount of credits for foreign taxes paid on Offset Earnings, not some limited subset of those taxes.[9] Similarly, the government's contention that FedEx raised the government's

---

[8]  The government (at 9) says that it has not taken the position that §960(a)(3) applies only to foreign withholding taxes imposed on distributions. Its briefs prove otherwise. ECF 43-1 at 14 n.10 ("the taxes that are deemed paid under § 960(a)(3) are those that were imposed subsequent to the § 951(a) inclusion"—i.e., foreign withholding taxes imposed on a distribution of foreign earnings). And its latest brief is internally inconsistent, alternately arguing that §960(a)(3) applies to historical foreign taxes paid on Offset Earnings (ECF 58 at 9) and that "§ 960(a)(3) applies only to foreign taxes imposed upon distribution"—i.e., only to withholding taxes. *Id.* at 9 n.11.

[9]  *See, e.g.*, ECF 1 at ¶44 ("under section 960(a)(3) … FedEx was deemed to have paid $232,904,450 of foreign taxes on FedEx's Offset Earnings included in the FY18 Distributions, and FedEx was entitled to foreign tax credits in that same amount under section 902"); ECF 1 at ¶108 (demanding a refund for $89,006,415 for FY19 (which accounts for the use of $145 million in Offset Earnings Credits in FY19 with the rest of the $232 million in Offset Earnings Credits carried

new alternative argument is also wrong.[10] As it must, the government effectively concedes FedEx's recounting of the parties' actions since the date of the Order; the facts show that this is the government's argument, not FedEx's. ECF 52 at 1-2. FedEx properly raised that argument in the motion for judgment because the government refused to agree to the amount of the refund unless this Court addressed its new alternative argument. ECF 55-1 at 2 (K. Bishop email stating that DOJ "will need the Court to opine on the question in order to have a final judgment entered").

Finally, the government misleadingly argues that FedEx overlooked the Haircut Rule. Of course, there's no requirement to ask for summary judgment regarding a regulatory rule that does not apply. FedEx didn't challenge the Haircut Rule because that rule doesn't apply to the credits at issue here. ECF 52 at 9-13. Tellingly, the government fails to mention that it filed a cross-motion for summary judgment, in which it identified Treas. Reg. §1.965-5(c)(1)(ii) as the only "applicable regulation." ECF 43-1 at 1; *see also id.* at 19-20.[11] The government never even hinted that the Haircut Rule might apply to partially disallow those credits. The obvious conclusion is that the government knew that the Haircut Rule didn't apply and therefore didn't bother to raise it.

---

over to other tax years)); ECF 1-1 at ¶D ("the FedEx Consolidated Group was deemed to have paid that $233 million of foreign taxes and was entitled to FTCs in that amount"). The Haircut Rule is an affirmative defense to this claim because it purports to partially disallow the amount of the refund. But the government never previously raised it, because it doesn't actually apply, and they should be barred from raising it now.

[10] The government quibbles that the motion doesn't satisfy the requirements of FRCP 58. That's wrong. The government's new argument was the sole obstacle to a final judgment, and nothing in Rule 58 precludes FedEx's motion. FedEx didn't file a summary-judgment motion because this Court's Order forecloses the government's new argument so there is no legal issue to resolve (and a motion for judgment is therefore appropriate).

[11] Contrary to the government's argument that the summary judgment proceedings left open something other than computational issues, the only remaining "disagreements" between the parties were "about the amount and character of some of the distributions and relevant taxes," which the parties would resolve after summary judgment. ECF 43-1 at 1. The government similarly mischaracterizes the Court's Order, which was not "limited to the question presented by FedEx." ECF 58 at 3. The Order also denied the government's cross-motion, which expansively requested summary judgment for all of the credits at issue in Count II of the Complaint. ECF 49 at 2, 29.

                                        Respectfully submitted,

| | |
|---|---|
| Richard R. Roberts | */s/ Joseph B. Judkins* |
| Peter D. Blumberg | Joseph B. Judkins |
| FedEx Express | Tennessee BPR No. 033183 |
| 3620 Hacks Cross Road | George M. Clarke |
| Building B, 3rd Floor | Cameron C. Reilly |
| Memphis, TN 38125 | Baker & McKenzie LLP |
| Tel:   (901) 434-8489 | 815 Connecticut Avenue, N.W. |
| richard.r.roberts@fedex.com | Washington, DC  20006 |
| peter.blumberg@fedex.com | Tel:   (202) 452-7000 |
| | joseph.judkins@bakermckenzie.com |
| | george.clarke@bakermckenzie.com |
| | cameron.reilly@bakermckenzie.com |
| | |
| | Attorneys for Plaintiff, FedEx |

Dated:  April 19, 2024

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 19, 2024, I served a copy of the foregoing document by filing it through the Court's electronic filing (CM/ECF) system, which will send an electronic copy to all counsel of record.

                                                 */s/ Joseph B. Judkins*
                                                 JOSEPH B. JUDKINS
                                                 Attorney for Plaintiff, FedEx