UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| FEDEX CORPORATION and SUBSIDIARIES,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 2:20-CV-02794 |

**UNITED STATES OF AMERICA'S
SUPPLEMENTAL BRIEF ADDRESSING <u>LOPER BRIGHT</u>**

In <u>Loper Bright</u>, the Supreme Court held that courts are generally charged with interpreting the meaning of the words of a statute. In doing so, the Court reset the framework for analyzing the validity of agency rulemaking. Under this framework, the Court held, when Congress delegates discretionary authority to an agency, courts "effectuate the will of Congress" by honoring that delegation. <u>Loper Bright Enters. v. Raimondo</u>, 144 S. Ct. 2244, 2263 (2024).

Congress specifically authorized the Secretary of the Treasury to prescribe regulations "necessary or appropriate to carry out the provisions of" § 965, the statute at the center of this litigation. 26 U.S.C. § 965(o). It also expressly permitted the Secretary to issue regulations to "prevent the avoidance of the purposes" of § 965. <u>Id.</u>

The Secretary acted within Congress's delegation. She issued regulations that furthered the objectives of § 965, which include preventing tax avoidance and ensuring that repatriated earnings did not entirely escape taxation. Indeed, Congress explicitly delegated authority to the Secretary of the Treasury to issue regulations that target tax avoidance like what FedEx seeks to propagate here: the allowance of full credit when the earnings were not previously subject to *any*

U.S. taxation. When read in concert with this Court's earlier decision, those regulations provide that FedEx must reduce its credits for Offset Earnings Taxes by the applicable percentage provided for in § 965(g).[1] (Dkt. 58 at 7–10).

Congress acted within its constitutional authority to direct the Secretary to issue regulations to implement § 965, the regulations are within the delegated authority, and the regulations are the product of reasoned decisionmaking. Therefore, this Court should follow that guidance, deny FedEx's Rule 58 motion, and reduce any refund as called for by § 965(g).

I.       **Procedural background of this case**.

In March 2024, FedEx moved this Court to enter a judgment under Rule 58(d). (Dkt. 52).[2] Even though FedEx filed that motion using a plainly procedural rule, in its motion, it asked the Court to invalidate the General Rule. In response, the United States' substantive arguments were that the relevant Treasury Regulations required FedEx to reduce its foreign tax credits, thereby reducing its refund. (Dkt. 58 at 7–10). It then addressed how the relevant statutory scheme confirmed this analysis. (Id. at 10–14). It also discussed how the regulations represented a reasonable interpretation of the relevant statutory provisions. (Id. at 14). Lastly, the government noted that FedEx could not set aside the General Rule because FedEx failed to challenge it in the pleadings. (Id. at 17).

---

[1] For purposes of efficiency, all phrases previously defined in this litigation (*e.g.*, the General Rule, Offset Earnings Taxes, etc.) retain their earlier definitions.

[2] FedEx may not challenge a regulation through Rule 58(d). (Dkt. 58 at 4–7 (outlining dictates of Rule 58(d) and concluding that "FedEx omits the requirements of a Rule 58(d) motion because it has not–and cannot–meet them")).

After the Supreme Court issued its ruling in Loper Bright, this Court ordered supplemental briefing as to the effect of that decision on the pending motion.[3] (Dkt. 63).

## II. Summary of Loper Bright.

In Loper Bright, the Supreme Court announced the "basic contours of judicial review" when faced with an action challenging agency rulemaking. Loper Bright, 144 S. Ct. at 2261. In such cases, "courts decide legal questions by applying their own judgment." Id. But the Court acknowledged that, in many circumstances, courts do not paint on a blank canvas. Courts should continue to give "due respect" to agency interpretations as "a body of experience and informed judgment" that provides guidance. Id. at 2262 (citing Skidmore v. Swift & Co., 323 U.S. 134, 140 (1944)). And that guidance is "especially useful" when it was issued contemporaneously with the statute and has remained consistent over time. Id.

In some cases, Congress "expressly delegates" rulemaking authority to an agency. In others, Congress empowers the agency to "fill up the details of a statutory scheme, or to regulate subject to the limits imposed by a term or phrase that 'leaves agencies with flexibility,' such as 'appropriate' or 'reasonable.'"[4] Loper Bright, 144 S. Ct. at 2263 (quoting Batterton v. Francis, 432 U.S. 416, 425 (1977)) (cleaned up).

When Congress constitutionally delegates such authority, the court's role is circumscribed. Loper Bright, 144 S. Ct. at 2263. It should set the bounds of the delegation of authority. Id. And it should ensure that the agency engaged in reasoned decisionmaking. Id.

---

[3] The parties conferred before filing this brief. Both parties agreed that the Court's order appears to ask for the parties' views on how Loper Bright might impact the Court's analysis when considering only FedEx's pending motion before the Court. Thus, the government limits its discussion solely to the issues raised in that motion (and related briefing).

[4] This list of delegations was nonexhaustive. Loper Bright, 144 S. Ct. at 2263 (listing "example[s]" of circumstances where Congress delegates authority to agency).

3

(citing Motor Vehicle Mfrs. Assn. of United States, Inc. v. State Farm Mut. Auto. Ins., 463 U.S. 29, 103 (1983)) (further citation omitted). But when an agency acts within the bounds of that delegation, a court "upholds the traditional conception of the judicial function" when it respects Congress's delegation to the agency and follows the relevant regulation. Id.

**III.    Application of Loper Bright to the pending motion.**

To start, the Court need not consider the regulation to rule in the United States' favor, because the best reading of the relevant statutes compels a disallowance of an applicable percentage of credits for foreign taxes that are paid or deemed paid on the earnings that are considered under § 965. 26 U.S.C. § 965(g); see Dkt. 58 at 10–14.

In addition, the relevant statute provides an express direction to the Secretary to issue regulations to protect against avoidance of its purposes. In § 965(o), Congress directed:

> **(o) Regulations.**--The Secretary shall prescribe such regulations or other guidance as may be necessary or appropriate to carry out the provisions of this section, including--
>
> **(1)** regulations or other guidance to provide appropriate basis adjustments, and
>
> **(2)** regulations or other guidance to prevent the avoidance of the purposes of this section, including through a reduction in earnings and profits, through changes in entity classification or accounting methods, or otherwise.

26 U.S.C. § 965(o) (emphasis added).

Congress made additional delegations to the Secretary in §§ 902 and 7805. We discuss these delegations below for completeness. But if the Court agrees that either the statute directs the reduced refund, or that the specific delegation in § 965(o) provides the authority for the regulation that reduces the refund, the Court need not consider these additional authorities.

    A.    **The General Rule falls within Congress's delegation of authority to the Department of the Treasury in section 965.**

In § 965(o), Congress directed the Secretary to prescribe "regulations or other guidance *as may be necessary or appropriate* to carry out the provisions of this section." 26 U.S.C. § 965(o) (emphasis added). Within that broad conferral of general authority, Congress went on to explicitly require that such guidance prevent taxpayers from "avoid[ing] the purposes" of § 965. Id.

This delegation language–"necessary *or* appropriate"–is quite broad. 26 U.S.C. § 965(o) (emphasis added). "[A]ppropriate" is "the classic broad and all-encompassing term that naturally and traditionally includes consideration of all the relevant factors." Michigan v. EPA, 576 U.S. 743, 752 (2015) ("One does not need to open up a dictionary in order to realize the capaciousness of" this phrase). And Congress did not limit that discretion to certain topics in § 965. See Sidell v. Commissioner, 225 F.3d 103, 107 (1st Cir. 2000) (an open-ended statute that mentions possible topics of regulation does not limit regulation solely to those subjects).

The legal object in this case is "to carry out the provisions of [certain] section[s]." 26 U.S.C. § 965(o). As relevant here, *Webster's* defines the term "carry out" as "to put into execution"; "to bring to a successful issue." *Webster's Third New International Dictionary* (1965).[5] The Oxford English Dictionary similarly defines "carry out" in relevant part as: "to bring (something) to completion or fruition; to bring to a conclusion" and "to put (something) into action or practice; to cause (something) to be implemented." *Oxford English Dictionary* (3d ed. June 2024), https://www.oed.com/dictionary/carry. In § 965, carrying-out the provisions is

---

[5] See also "Carry out," *MerriamWebster.com* (last visited July 17, 2024 and matching the definition as of 2017) ("Carry out: (1) to bring to a successful issue: complete, accomplish; (2) to put into execution; (3) to continue to an end or stopping point.").

defined to include rules "to prevent the avoidance of the purposes of this section." 26 U.S.C. § 965(o). Thus, Congress specifically delegated to the Secretary the authority to promulgate rules not only to put § 965 into practice successfully, but also in the context of doing that, to prevent avoidance of the broader goals and policy aims (the "purposes") of §965. Id.

While the Court need not wade into legislative history to reach this conclusion, the history here confirms the analysis. Congress included this "specific grant of regulatory authority to carry out the intent of" of § 965 in part to "deter tax avoidance." H.R. Rep. No. 115-466, 617–18 (Dec. 15, 2017). Indeed, commentors on the proposed regulation remarked upon this point during the notice-and-comment period. See, e.g., October 9, 2018, letter from Alliance for Competitive Taxation, at 8 ("Section 965(o) grants the Secretary authority to prescribe regulations or other guidance necessary or appropriate to carry out the provisions of section 965. The provisions of section 965 include provisions for the computation of foreign tax credits associated with the section 965 inclusion."), *available at* https://perma.cc/L3CZ-9L2P. And the purposes of § 965 are clear: "[t]o avoid a potential windfall for companies that deferred income." H.R. Rep. No. 115-409, 375–76 (Nov. 13, 2017). Congress intended to "tax such earnings as if they had been repatriated under present law, but at a reduced rate." Id.

As the legislative history makes plain, the rate on PTEP was meant to be *reduced*, not eliminated (as FedEx seeks to do here). So the General Rule serves the purposes Congress sought to achieve by preventing FedEx from avoiding all U.S. taxation on these earnings.

Neither of the other two concerns raised in Loper Bright disturb this analysis. FedEx has not raised any constitutional challenge to the regulations. And to the extent it reserved its ability to later do so in previous filings, that need has been obviated by the Supreme Court's recent

6

decision in Moore. See generally Moore v. United States, 144 S. Ct. 1680, 1689 (2024) (treating as constitutional taxes on undistributed income attributed to an entity).

Further, the Court also should conclude that the agency engaged in "reasoned decisionmaking." State Farm, 463 U.S. at 52. The regulations were adopted after notice-and-comment. As reflected in the preamble to the final regulations, T.D. 9922, 85 Fed. Reg. 71998-01, 71999–72031 (Nov. 12, 2020), the Treasury Department explained the basis and purpose of the regulations, responded to significant comments, and considered all relevant factors. See 5 U.S.C. § 553(c); State Farm, 463 U.S. at 43. And moreover, the regulations are designed to stop exactly what the statute directed it to stop – avoidance of the changes to taxation of repatriated offshore earnings brought about by the enactment of § 965 in the 2017 Tax Cuts and Jobs Act.

**B.    The General Rule also falls within Congress's delegation of authority to the Department of the Treasury in other provisions of the Internal Revenue Code.**

If the Court looks for further support, which is not necessary in this case as demonstrated above, Congress conferred authority on the Secretary in at least two additional sections of the Internal Revenue Code. First, in § 902(c)(8), Congress provided a similarly broad delegation, authorizing the Secretary to prescribe rules "necessary or appropriate to carry out the provisions of [section 902] and section 960."[6] The credits at issue here are claimed pursuant to § 960, and this court held they were available under that section. See 2023 WL 2755311 at *10 ("FedEx is entitled to foreign tax credits on its Offset Earnings under section 960(a)(3).").[7]

---

[6] § 902 was repealed in its entirety for tax years beginning after December 31, 2017, as part of the TCJA's broader changes to the deemed paid credit regime. See Dkt. 43-1, at 3. It was in effect for FedEx's year ending May 31, 2018.

[7] While the government maintains its objection to this holding for purposes of any appeal it must be accepted for purposes of this motion.

Congress has further delegated authority to the Secretary of the Treasury to issue "all needful rules and regulations for the enforcement of [the Internal Revenue Code], including all rules and regulations as may be necessary by reason of any alteration of law in relation to internal revenue."[8] 26 U.S.C. § 7805(a). This is a congressional authorization that allows the Secretary of the Treasury to engage in rulemaking that applies to the entire Internal Revenue Code. United States v. Correll, 389 U.S. 299, 306–07 (1967) (in § 7805, "Congress has delegated to the Commissioner, not the courts, the task of prescribing 'all needful rules and regulations for the enforcement' of the Internal Revenue Code"); see also Commissioner v. Portland Cement Co. of Utah, 450 U.S. 156, 169 (1981) (citing § 7805 to support the proposition that "Congress has delegated to the Secretary of the Treasury . . . the task of administering the tax laws of the Nation") (internal quotations omitted). The General Rule falls within this grant of rulemaking as a rule that is "necessary by reason of any alteration of law." 26 U.S.C. § 7805(a). The 2017 Tax Cuts and Jobs Act altered the manner in which foreign earnings are taxed. And so the General Rule was necessary to make § 965 work consistently with other Code sections in a manner that prevents tax-avoidance and distortion of the general purposes of the Internal Revenue Code.

C. **Loper Bright encourages the Court to respect the government's interpretation of a complicated area of international tax law because of the expertise developed by the agency.**

The above points dispose of the question before the Court. But it is worth noting that Loper Bright encourages courts to respect the views of the agency that brings its expertise to bear

---

[8] This provision (or one like it) has existed in the Internal Revenue Code for more than a century. "[E]ver since the inception of the tax code, Congress has seen fit to vest in those administering the tax laws very broad authority to interpret those laws. In an area as complex as the tax system, the agency Congress vests with administrative responsibility must be able to exercise its authority to meet changing conditions and new problems." Bob Jones Univ. v. United States, 461 U.S. 574, 596–97 (1983).

in interpreting complex statutory language. Loper Bright, 144 S. Ct. at 2262 (agency interpretations "constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance") (quoting Skidmore, 323 U.S. at 140).

This is especially true where, as here, the subject matter (international taxation) is highly complex and technical, and the regulations were issued contemporaneously with the statute and have remained unchanged. Loper Bright, 144 S. Ct. at 2262 (citing Skidmore; United States v. Am. Trucking Assns., 310 U.S. 534, 549 (1940)). This statute was enacted in December 2017. P.L. 115-97, 131 Stat. 2054 (Dec. 22, 2017). The challenged regulation was initially published in February 2019, and was made final (after notice-and-comment) on November 12, 2020. T.D. 9846, 84 Fed. Reg. 1875 (Feb. 5, 2019); T.D. 9922, 85 Fed. Reg. 72072 (Nov. 12, 2020). In other words, the Secretary issued the regulation contemporaneously with the statute, and the relevant regulations have remained consistent over time.

**IV.   Conclusion.**

Loper Bright instructs courts to respect congressional delegations of authority to agencies. Acting under just such a delegation, the Secretary of the Treasury issued regulations prescribing the treatment of certain tax attributes of FedEx. Those regulations are valid and control the analysis in this case.

The Court need go no further to find support for the United States' position in opposition to Fedex's Rule 58 motion. Even if not procedurally improper, which it is, § 965(g) and the regulations issued under the delegation of § 965(o), amply support the United States' position. Further support can be found, however, in § 902 and § 7805. The Court should deny FedEx's motion for judgment, apply the General Rule, calculate the refund owed, and conclude this case.

DATE: August 2, 2024            DAVID A. HUBBERT
Deputy Assistant Attorney General

*s/ Kyle L. Bishop*
KYLE L. BISHOP
D.C. Bar No. 999007
Trial Attorney, Civil Trials – Eastern
P.O. Box 227, Ben Franklin Station
Washington, D.C. 20044
Phone: 202-616-1878
Fax: 202-514-6866
Kyle.L.Bishop@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 2, 2024, I electronically filed the foregoing document and all attachments thereto with the Clerk of Court using the CM/ECF system, which will provide notice to all parties registered in said system.

      *s/ Kyle L. Bishop*
      Kyle L. Bishop
      Trial Attorney, U.S. Dept. of Justice
      Tax Division, Civil Trials – Eastern